KENNEDY *a.* MILLS.

*New-York Common Pleas ; Special Term, January,* 1857.

EXECUTION.—LEAVE TO ISSUE.

When leave to issue execution may be granted after expiration of twenty years.

Motion for leave to issue execution.

INGRAHAM, F. J.—The plaintiff moves for leave to issue exe-
cution upon a judgment recovered in 1836. An execution was
issued on the judgment at the time of the recovery, and returned
with only a partial payment. Nothing appears to have been
done towards its collection since that time.

The plaintiff's affidavit states a balance to be due, and the defendant denies any indebtedness. Under such circumstances a reference to inquire whether any thing is unpaid on the judgment, would be proper were it not for the difficulty arising from the provisions of the Revised Statutes on this subject (2 *Rev. Stats.*, 4 *ed.*, 564). Every judgment recovered after the passage of that act, is to be presumed to be paid, and ratified after the expiration of twenty years from the date of the judgment, and such presumption can only be repelled by proof of payment or written acknowledgment within twenty years. In all other cases it shall be conclusive. In this case there is no such proof, and a reference would be useless, because without such proof the parties are concluded by the provisions of the statute.

The motion is denied without costs.

## IRWIN a. MUIR.

*New-York Common Pleas; Special Term, January*, 1857.

APPEAL FROM MARINE COURT.—NOTICE.—SERVICE AND AMENDMENT.

It is not necessary that notice of appeal to the Common Pleas from a judgment of the general term of the Marine Court should be served on each of the justices; but service on the clerk is sufficient.

The notice of appeal in such case must state the grounds of appeal.

But an amendment may be allowed where the notice is deficient in this respect.

Motion to dismiss an appeal.

INGRAHAM, F. J.—A motion is made to dismiss the appeal from the judgment of the Marine Court to this court on two grounds.

1. That the notice of appeal was not served on all the justices.

2. That the notice of appeal does not contain the grounds of the appeal.

In answer to the first objection, it is sufficient to say that the notice was served on the clerk. Service on the clerk is all that is required by the statute (*Code*, § 354), and if the process